IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| JOE CLYDE WEINANT, | ) Case No. 23-15585-MER |
| SSN: XXX-XX-9933, | ) Chapter 7 |
| | ) |
| Debtor. | ) |

**TRUSTEE'S MOTION FOR TURNOVER**
**(Firearms)**

Jared Walters, chapter 7 trustee ("Trustee") for the above-captioned bankruptcy estate, for his Motion for Turnover (Firearms) (this "Motion"), states as follows:

## I.  BACKGROUND

1. On December 4, 2023, (the "Petition Date"), Joe Clyde Weinant (the "Debtor") filed his voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing bankruptcy case number 23-15585-MER (this "Bankruptcy Case"). *See* ECF No. 1.

2. The Trustee is the duly appointed Chapter 7 Trustee in the Debtor's Bankruptcy Case. *See* ECF No. 7.

3. Prior to the Petition Date, the Debtor was a defendant in certain civil and criminal matters in Eagle County, Colorado. Those matters resulted in adverse judgments and conviction related to disputes among the Debtor and his neighbors. The disputes involved, among other things, the Debtor's use of firearms on or near his residential real property, 15405 Frying Pan Road, Basalt, Colorado 81621 (the "Property"), which this Court ordered the Debtor to turnover to the Trustee on September 9, 2024, ECF No. 47 (the "Turnover Order"). The Debtor has not complied with the Turnover Order and has not turned over the Property to the Trustee to date. The Court entered judgement on the Turnover Order on March 5, 2205, and the Trustee has

1

domesticated in Eagle County District Court, Case No. 2025CV030068 to enlist local law enforcement to assist with obtaining possession of the Property.

4. In the prepetition criminal matters, the Debtor was obligated to surrender all of his firearms; he testified at this § 341 meeting in this case that he no longer had possession of any firearms. The Debtor disclosed no firearms in his statements and schedules. ECF No. 1, p. 21.

5. The Trustee was recently contacted by counsel to the neighboring creditors, who hold civil judgments against the Debtor and the Property, advising that the Debtor has been observed firing guns on and around the Property. The Trustee believes that any firearms that are in the Debtor's possession (despite the fact that he listed none in his schedules and testified that he no longer had them) are property of the estate.

6. Through this Motion, the Trustee requests entry of an order compelling the Debtor to turnover any and all firearms that he has in his possession – at the Property or otherwise.

## II. ARGUMENT AND AUTHORITY

7. Pursuant to Fed. R. Bankr. P. 4002(a)(4), the Debtor has an affirmative duty to cooperate with Trustee in his administration of the estate. In furtherance of those duties, 11 U.S.C. § 542(a) requires the Debtor to turn over property that Trustee may use, sell or lease, unless the property is of inconsequential value. Section 542 "effectively implements" the Debtor's duties under Bankruptcy Code § 521 to, among other things, cooperate with the Trustee and to surrender all property of the estate and related information. *Rupp v. Auld (In re Auld)*, 561 B.R. 512, 518 (B.A.P. 10th Cir. 2017).

8. Any and all firearms that the Debtor owns and controls have value to the estate in the Bankruptcy Case and are therefore subject to turnover. The Debtor is not entitled to retain

possession of any firearms at the Property in light of his prior criminal matters and his statements, under oath, to this Court.

9. In accordance with the Debtor's legal and statutory obligations, Trustee requests entry of an order compelling the Debtor to turnover any and all firearms in his possession, whether located at the Property or otherwise, for administration in this case.

WHEREFORE, the Trustee respectfully requests that the Court enter an order granting this Motion, ordering the Debtor to turn over all firearms located at the Property or otherwise in his possession, as for other relief as deemed appropriate.

Dated: April 17, 2025. **BALLARD SPAHR LLP**

By: */s/ Theodore J. Hartl*
Theodore J. Hartl, #32409
1225 17th Street, Suite 2300
Denver, CO 80202-5596
Direct 303.454.0528
hartlt@ballardspahr.com

*Counsel for Jared Walters, as Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2025, true and correct copies of the foregoing were served via electronically via the Court's CM/ECF notice system to all parties of record and via U.S. Mail first class postage prepaid to the parties identified below.

                                                                                                           */s/ Stephanie Agabo*

Joe Clyde Weinant
15405 Frying Pan Road
Basalt, CO 81621

Diana A. Ray
Diana Ray Law PC
0326 Highway 133 Suite I
Carbondale, CO 81623

NG-58S8J20W #4897-7959-6855 v1